## MEGEATH v. ASHWORTH.

No. 3586. Decided March 2, 1921. (196 Pac. 338.)

1. SALES—EVIDENCE HELD TO SUPPORT FINDING OF RESCISSION BY AGREEMENT. In an action on a note for the purchase price of an automobile, evidence *held* to support a finding that the contract of sale was rescinded by agreement.

2. SALES—RESCISSION OF CONTRACT OF SALE OF AUTOMOBILE HELD NOT WITHOUT CONSIDERATION. Where the buyer of an automobile asked the seller to declare the deal off, and the seller assented and told the buyer to put the automobile in his (the seller's) barn, and the buyer did return it to the seller's premises, the contract of rescission was not without consideration.

Appeal from District Court, Third District, Salt Lake County; *Wilson McCarty,* Judge.

Action by Joseph P. Megeath against Thomas S. Ashworth. From a judgment for defendant, plaintiff appeals.

AFFIRMED.

*N. J. Sheckell* and *Thomas O. Sheckell,* both of Salt Lake City, for appellant.

*A. A. Duncan,* of Salt Lake City, for respondent.

GIDEON, J.

This action was brought to recover upon a promissory note. The complaint is in the usual form. The answer sets out that the consideration for the note was the sale of an automobile by plaintiff to defendant; that the plaintiff guaranteed the same to be in good mechanical condition; that the automobile was defective and was not in good mechanical condition; that a rescission of the contract of sale was made between the parties. The court found that the contract of sale had been rescinded and rendered judgment for defendant.

It is the contention of appellant, plaintiff, that that finding is not supported by the evidence, and that there was no consideration to support the contract of rescission. The contention is without merit. Defendant testified that some months after the sale of the car and the execution of the note he advised the plaintiff that the car was of no service to him, and asked him to give back the note and declare the deal off, to which, he testified, the plaintiff replied: "All right. Take the car and put it in my barn." Accordingly the defendant returned the car to the premises of the plaintiff, and, finding the garage closed, left the car in the yard near the garage. That was something like five years prior to the institution of this action, and the car has remained in the possession of the plaintiff ever since.

The judgment of the district court is affirmed, with costs.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.